MATTER OF CASTILLO-PINEDA

In Exclusion Proceedings

A-18326930

Decided by Board April 16, 1975

Applicant initially entered the United States for permanent residence on January 10, 1969 as the spouse of a United States citizen. The marriage took place in the United States July 8, 1968, but was annulled *ab initio* for fraud on January 15, 1969. Applicant subsequently applied for admission on August 17, 1969, follwing a 10 day vacation in Mexico as a returning resident alien. He was found excludable under section 212(a)(20) of the Immigration and Nationality Act for lack of a valid immigrant visa, and under section 212(a)(14) of the Act, for lack of a valid labor certification. This decision was correct, because since the marriage was annulled *ab initio*, no basis exists for his classification as a permanent resident alien nor is he exempt from the labor certification requirement.

EXCLUDABLE:    Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant—not in possession of a valid immigrant visa.

                Act of 1952—Section 212(a)(14) [8 U.S.C. 1182(a)(14)]—Immigrant—not in possession of a valid labor certification.

ON BEHALF OF APPLICANT:
Soll J. Schnitz, Esquire
600 South Michigan Avenue
Chicago, Illinois 60605

ON BEHALF OF SERVICE:
Irving A. Appleman, Esquire
Appellate Trial Attorney

This is an appeal from a decision of an immigration judge dated November 19, 1969, finding the applicant excludable under the provisions of section 212(a)(20) and section 212(a)(14) of the Immigration and Nationality Act. On June 14, 1972, the Board entered an order terminating the exclusion proceedings pursuant to the unreported decision of *Matter of Lerma-Acosta*, A-30749574 (BIA June 13, 1972. The Board deferred execution of its order in this case indefinitely until it considered and rendered a decision on the Service motion for reconsideration in the unreported decision of *Matter of Juan Hernandez-Almaquer*, A-14231996 (BIA June 14, 1972), involving the same issue. In *Matter of Maldonado-Sandoval*, 14 I. & N. Dec. 475 (BIA October 31, 1973 as amended June 7, 1974) and unreported *Matter of Juan Hernandez-Almaquer*, A-14231996 (BIA October 31, 1973), the Board receded from the position taken earlier in *Matter of Lerma-Acosta*, supra. On Feb-

274

ruary 8, 1974, the Service submitted a motion requesting that the Board's order of June 14, 1972 be withdrawn, and that the case be remanded to the Service. The motion will be denied. However, the Board's order of June 14, 1972 will be vacated and another order will be entered dismissing the appeal.

The record relates to an unmarried male alien, 27 years of age, who was admitted to the United States for permanent residence at Chicago, Illinois on January 10, 1969. He testified that he departed from the United States on August 7, 1969 for a short vacation in Mexico and returned to the United States on August 17, 1969. He applied for admission as a returning resident alien. His inspection was deferred and on September 3, 1969 he was served with a notice to appear for a hearing before an immigration judge to determine his admissibility to the United States.

The applicant married a citizen of the United States in Cook County, Illinois on July 8, 1968. Based upon this marriage, he obtained an immigrant visa for permanent residence from the American Embassy at Mexico City on January 9, 1969. As the spouse of a United States citizen, he was exempt from the labor certification requirement of section 212(a)(14) of the Immigration and Nationality Act. The applicant's marriage to his citizen spouse was annulled for fraud in the Circuit Court of Cook County at Chicago, Illinois on January 15, 1969 (Exh. 7-C). The decree reads in part as follows:

"IT IS ORDERED, ADJUDGED AND DECREED that the marriage between the plaintiff and defendant be and the same is hereby annulled and dissolved, the same as if said marriage ceremony had never been entered into and the same is annulled and dissolved accordingly and the parties are and each of them is freed from the obligation thereof."

The immigration judge found that since the marriage had been annulled ab initio, the applicant was not an immediate relative within the provisions of section 201(b) of the Act and, therefore, was not in possession of a valid immigrant visa at the time of his admission for permanent residence on January 10, 1969 and was excludable under section 212-(a)(20). Also, the immigration judge found that the applicant had been improperly exempted from the labor certification requirement of section 212(a)(14) and was excludable on that ground as well.

While there is no statute with respect to annulment of marriage, the proceeding for annulment of marriage is recognized by the courts of Illinois, *Cardenas* v. *Cardenas*, 12 Ill. App. 2d 497 (1957), 118 N.E.2d 262 (1957). Under the court decisions in Illinois, it is clear that after a decree of nullity a marriage is void *ab initio*, and not merely from the date of the decree. See *People ex rel. Byrnes* v. *Retirement Board, etc.*, 272 Ill. App. 59 (1933). To further support the position that an annulment in Illinois renders a marriage void *ab initio*, the court in *Long* v.

*Long,* 15 Ill. App. 2d 276 (1957), 145 N.E.2d 509 (1957), states in part as follows:

> "The purpose of an annulment proceeding is to have a marriage which is void or voidable judicially declared void. In such a proceeding the marriage is not recognized, the theory being that no valid marriage ever came into existence (55 C.J.S. Title Marriage, sec. 48, p. 922)."

The doctrine enumerated in *Rosenberg* v. *Fleuti,* 374 U.S. 449 (1963), is that an innocent, casual and brief excursion by a resident alien outside the country's borders may not have been "intended" as a departure disruptive of his resident alien status and that he, therefore, may not have subjected himself to the consequences of an "entry" into the United States on his return. The pertinent portion of secton 101(a)(13) interpreted by the Supreme Court in the *Fleuti* case, by its terms, related only to "an alien having lawful permanent residence in the United States."

The applicant's immigrant visa (Exh. 4), provided by the Service at the exclusion hearing, shows that the applicant was admitted to the United States as an immigrant on January 10, 1969 at Chicago, Illinois in the nonquota classification IR–1, the spouse of a United States citizen. In order to qualify for admission as a returning resident alien as specifically specified in the statute, it was necessary that (1) the applicant have the status of a lawfully admitted immigrant for permanent residence and (2) that if he had that status, he was returning from a temporary visit abroad. Accordingly, when the immigration inspector had some doubt about this applicant's immigrant status, he properly detained him for exclusion proceedings, *Matter of Maldonado-Sandoval,* supra.

Annulment of the applicant's marriage *ab initio* meant that it was decreed that no valid marriage ever existed. At the time of his original entry into the United States on January 10, 1969, the applicant was not the spouse of a citizen of the United States; and as an alien born in an independent country of the Western Hemisphere, he was not exempt from the labor certification requirement. Hence, the applicant did not acquire lawful permanent residence on January 10, 1969.

Since the applicant was not an alien having lawful permanent residence in the United States, his attempted entry into the United States after a brief absence in Mexico is not within the ambit of *Rosenberg* v. *Fleuti,* supra. Under the explicit terms of section 101(a)(13) of the Act, the applicant's return to the United States even though after a brief visit, is an "entry." Thus, an adjudication of the applicant's admissibility in exclusion proceedings is proper.

Our evaluation of the evidence convinces us that it has been established that the respondent is not a lawful permanent resident alien. We are satisfied that the record supports the immigration judge's finding

that the applicant is excludable for admission under the provisions of section 212(a)(20) and section 212(a)(14) of the Act. After reconsideration of our previous decision, the following order will be entered.

ORDER: The order of the Board of Immigration Appeals dated June 14, 1972 is vacated.

*Further order:* The motion for reconsideration and remand to the immigration judge is denied.

*Further order:* The appeal is dismissed.

Irving A. Appleman, Board Member, abstained from consideration of this case.